UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MANAFORT BROTHERS, INC. | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| FEDERAL HIGHWAY | ) | |
| ADMINISTRATION, and UNITED | ) | |
| STATES DEPARTMENT OF | ) | |
| TRANSPORTATION | ) | |
| Defendants. | ) | |

## COMPLAINT AND JURY DEMAND

### PARTIES

1.      Plaintiff, Manafort Brothers, Inc. ("Manafort"), is a corporation organized and existing under the laws of the State of Connecticut, with a principal place of business located at 414 New Britain Avenue, Plainville, Connecticut.

2.      Defendant, Federal Highway Administration ("FHWA"), is an operating administration of the U.S. Department of Transportation ("DOT").

3.      Defendant, Department of Transportation ("DOT"), by and through Sharon Vaughn-Fair, in her capacity as Assistant Chief Counsel for Field Legal Services-North, has a principal place of business at 10 S. Howard Street, Suite 4000, Baltimore, Maryland.

### FACTS

4.      On or about January 11, 2013, the State of Rhode Island (the "State") and Manafort executed a contract agreement (the "Contract") regarding a public works project consisting of constructing a new and independent, approximately 1,290 foot, southbound bridge (4 lanes) on the west side of an existing structure and also reconstructing an adjacent ramp structure to the north and south of the Providence Viaduct (the "Providence Viaduct Project").

1203407.1

5.      Rhode Island Department of Transportation ("RIDOT") administered the Contract on behalf of the State of Rhode Island and acted as its authorized representative with respect to all aspects of the Providence Viaduct Project.

6.      The State retained Manafort to serve as the General Contractor for the Providence Viaduct Project.

7.      Pursuant to the Contract, Defendants agreed to pay Manafort for all damages, costs, fees, and expenses related to differing or unexpected site conditions, project delays, and extra work.

8.      Manafort encountered obstructions during the Project.

9.      Manafort encountered unknown and unforeseen differing underground site conditions and obstructions during the Providence Viaduct Project.

10.     As a result, the Providence Viaduct Project experienced delays.

11.     Manafort submitted claims to the State and RIDOT for the costs and expenses it incurred in connection with the unknown and unforeseen differing underground site conditions and project obstructions during the Providence Viaduct Project (the "Differing Site Conditions Claim") as well as for the delays (the "Project Delay Claim").

12.     In response to Manafort's claims, the State and RIDOT agreed to settle and pay Manafort compensation for the Differing Site Conditions Claim and the Project Delay Claim (the "Settlement Agreement").

13.     Thereafter, the State and RIDOT breached the Settlement Agreement and refused to pay Manafort.

14.     Manafort commenced a civil action in Providence Superior Court captioned as *Manafort Brothers, Inc. v. State of Rhode Island, by and through Seth Magaziner, in his capacity*

2

*as General Treasurer, and Rhode Island Department of Transportation, by and through Peter*

*Alviti, Jr., P.E.*, in his capacity as Director (Civil Action No.:  PC-2016-4542) (the "Action").

15.     In the Action, Manafort alleged, in part, that the State and RIDOT breached the
Settlement Agreement.

16.     In defending the Action, the State and RIDOT allege that the Settlement
Agreement required approval from the Federal Highway Administration ("FHWA").

17.     Further, in defending the Action, the State and RIDOT allege that they
communicated with FHWA concerning the Settlement Agreement, however they were unable to
obtain FHWA's approval for the Settlement Agreement.

18.     Carlos Machado and Anthony Rotondo are employees of FHWA.

19.     Carlos Machado and Anthony Rotondo were primary contacts between FHWA
and State/RIDOT concerning the Providence Viaduct Project.

20.     It is unclear from discovery conducted in the Action, what, if any,
communications occurred between State/RIDOT and FHWA concerning the Settlement
Agreement. This information is necessary and determinative for the underlying Action.

21.     Accordingly, on or about March 22, 2017, counsel for Manafort mailed a request
for deposition pursuant to 49 C.F.R. § 9.15 to Charles Enloe, Esq., Office of the General Counsel
and requested the deposition testimony of FHWA employees Carlos Machado and Anthony
Rotondo (the "Request for Deposition").  *See Exhibit 1*, Request for Deposition pursuant to 49
C.F.R. § 9.15.

22.     On or about May 15, 2017, Sharon Vaughn-Fair, Esq., counsel for the U.S.
Department of Transportation responded to the Request for Deposition and denied the Request
for Deposition (the "Denial").  *See Exhibit 2*, Denial.

3

23.     In the Denial, Attorney Vaughn-Fair states, in part, the following:

> A private litigant may, as you have here, request that agency
> counsel permit employee testimony. *Id*. at § 9.15.  Agency counsel
> may grant such a request only when doing so 'will not interfere
> with matters of operational…necessity,' and upon determining that
> (1) permitting testimony 'is necessary to prevent a miscarriage of
> justice:' (2) DOT 'has an interest in the decision that may be
> rendered in the legal proceeding'; or (3) permitting testimony 'is in
> the best interest of the Department or the United States'. After
> carefully reviewing your submission, FHWA has concluded that
> none of the factors listed in 49 C.F.R. §9.1(c) have been
> established here, and that permitting testimony would not be
> appropriate.

*See Exhibit 2*, Denial.

24.     In the Denial, Attorney Vaughn-Fair states the following concerning the factors

listed in 49 C.F.R. §9.1(c):

> First, employee testimony in this matter is not necessary to prevent
> a miscarriage of justice.  Manafort primarily seeks information
> about communications between FHWA and Rhode Island.  But
> that information is equally available from Rhode Island itself,
> which is a party to the litigation.  In addition, FHWA has not
> received a Freedom of Information Act (FOIA) request from your
> office seeking the disclosure of records, which may contain factual
> information pertinent to plaintiff's inquiry.  (Should your office
> decide to submit a FOIA request, it should be directed to the
> FHWA Rhode island Division and be in compliance with DOT's
> FOIA regulations at 49 C.F.R. Part 7.)  Thus, Manafort has not
> shown 'that the information desired is not reasonably available
> from other sources, including Departmental documents.' *Id*. §
> 9.15(a)(5).

> Second, FHWA and DOT do not have an interest in any decision
> that may be rendered in the legal proceeding.  Manafort does not
> argue otherwise.

> Third, allowing employee testimony in this matter would be in the
> best interest of FHWA, DOT, or the United States.  Participating in
> contractual disputes between private parties is not related to the
> DOT's mission.  *See id*. § 9.1(b)(2).  Further, allowing FHWA
> employees to provide testimony to the plaintiff would violate
> DOT's policy to maintain the impartiality of the Department

4

among private litigants. *Id*. § 9.1(b)(3). Finally, your request indicates a preference for taking the deposition testimony on a working day. The employees to be deposed would have to take time away from their duties to prepare for and attend these depositions. Further, members of FHWA's Office of Chief Counsel would have to take time away from their duties to prepare for these depositions, as well as travel to them. Authorizing FHWA employees to forgo their official duties to provide testimony for a private litigant violates DOT's policies to conserve employee time for conducting official business, and to avoid spending the time and money of the United States for private purposes. *Id*. § 9.1(b)(1), (5). In addition, your request for testimony regarding 'the nature and extent of the unforeseen site conditions encountered during the construction project and the responsibility for the delays and disruption associated with the site conditions' would require the FHWA employees to give opinion testimony, and therefore violates 49 C.F.R. § 9.9(c), which provides that 'an employee shall not testify as an expert or opinion witness with regard to any matter arising out of the employee's official duties or the functions of the Department.'

*Id*.

25.     The deposition testimony of FHWA employees Carlos Machado and Anthony Rotondo concerning the Settlement Agreement and the Providence Viaduct Project is necessary to prevent a miscarriage of justice.

26.     Manafort has made substantial efforts to obtain the necessary information in alternative methods to the employees' testimony. Manafort made a request pursuant to the Freedom of Information Act ("FOIA") to FHWA on August 9, 2017 (the "FOIA Request"). FHWA's response to the FOIA Request did not contain any written communications between FHWA employees Carlos Machado and Anthony Rotondo concerning the Settlement Agreement.

27.     Based on information belief, FHWA and DOT have a financial interest in the Settlement Agreement.

28.     Accordingly, permitting the testimony of Carlos Machado and Anthony Rotondo is in the best interest of FHWA, DOT and the United States because of their financial interest in the Settlement Agreement.

### COUNT I
### Violation of Administrative Procedures Act , 5 U.S.C. § 706
### Manafort v. Defendants

29.     Manafort repeats and re-alleges the allegations contained in paragraphs 1 through 28 as if expressly re-written and set forth separately herein

30.     The Denial and the Defendants refusal to produce FHWA employees Carlos Machado and Anthony Rotondo for deposition testimony concerning the Settlement Agreement and the Providence Viaduct Project contravenes the law of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), because the Defendants arbitrarily and capriciously denied  Manafort's Request for Deposition under 49 C.F.R. §9.1.

31.     With respect to Manafort's Request for Deposition pursuant to 49 C.F.R. § 9.15, Manafort can establish the Request was proper under each of the three factors enumerated in 49 C.F.R. §9.1(c).

32.     The deposition testimony of Mr. Machado and Mr. Rotondo concerning the Settlement Agreement and the Providence Viaduct Project is necessary to prevent a miscarriage of justice.  Additionally, based on information belief, FHWA and DOT have a financial interest in the Settlement Agreement and accordingly, the depositions would be in the best interest of FHWA and DOT.

33.     By establishing each of the factors listed under 49 C.F.R. §9.1(c), FHWA/DOT should have permit the deposition testimony of FHWA employees Carlos Machado and Anthony Rotondo concerning the Settlement Agreement and the Providence Viaduct Project

1203407.1

## DEMANDS FOR RELIEF

WHEREFORE, the plaintiff, Manafort, respectfully requests the Court:

1.     Pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), enter a judgement against the Federal Highway Administration and Department of Transportation, and issue an order that requires the Defendants to grant Manafort's Request for Deposition and produce the FHWA employees Carlos Machado and Anthony Rotondo for deposition testimony.

2.     Fashion such other and further relief as the Court deems just and proper.

## JURY DEMAND

The plaintiff demands a jury trial on all claims and issues so triable.

Respectfully submitted,
Manafort Brothers, Incorporated,
By its attorney,


Dated: December 7, 2017

*/s/  John A. Donovan, III*
John A. Donovan, III, Esq., #5707
Lindsay N. Hamilton, Esq., #9632
SLOANE AND WALSH, LLP.
Three Center Plaza, 8th Floor
Boston, MA 02108
(p) 617-523-6010
(f) 617-227-0927
(e)  jdonovan@sloanewalsh.com

7

1203407.1